FREDERICK SNARE CORPORATION, Respondent, *v.* GLOBE INDEMNITY
COMPANY, Appellant.

First Department, June 2, 1922.

Principal and surety — action against surety company for contribution
— plaintiff, assignee of contract to change elevated railroad structure,
assumed all liability for acts or omissions of assignor — operator of
railroad protected by bond of original contractor in which defendant
was surety — judgment recovered against operator for negligence
arising out of contract prior to assignment to plaintiff — plaintiff paid
said judgment, reimbursed operator for defending action, and sought
contribution from defendant upon theory that both plaintiff and
defendant were sureties to operator — plaintiff principal and not
surety — no recovery.

Plaintiff, an assignee of a contract for changing an elevated railroad structure,
assumed under the assignment the obligations of the contract and all liability
for the acts and omissions of the assignor and his predecessor from the inception
of the contract. The contract provided that the contractor should be responsible
for the safety of the railroad and its passengers, that security should be given
therefor and that the contractor should indemnify the owner, lessee or operator
for any loss in connection with any injury to a passenger. In compliance
with said provisions of the contract, the original contractor had given a bond
to the operator in which the defendant was one of the sureties. The original
contractor assigned the contract to plaintiff's assignor, the sureties on the bond
agreeing to remain such. Shortly after this assignment and before plaintiff
took its assignment, a passenger received injuries which were chargeable to
the construction work, and recovered judgment against the operator after the
assignment to the plaintiff. The plaintiff paid said judgment, reimbursed the
operator for expenses in defending the action, and thereupon brought action
against the defendant for contribution upon the theory that both the plaintiff
and defendant were sureties to the operator for the obligations of plaintiff's
assignor.

*Held*, that the plaintiff was a principal and not a surety and that there can be
no recovery.

APPEAL by the defendant, Globe Indemnity Company, from an
order of the Supreme Court, made at the New York Special Term
and entered in the office of the clerk of the county of New York
on the 12th day of January, 1922, denying defendant's motion for
a judgment dismissing the complaint under rule 106 of the Rules of
Civil Practice, upon the ground that it does not state facts sufficient
to constitute a cause of action.

*Daniel Combs* of counsel, for the appellant.

*Halsey & O' Keeffe* [*John R. Halsey* of counsel], for the respondent.

DOWLING, J.:

The complaint herein sets forth the following facts: Plaintiff and
defendant are domestic corporations. Plaintiff originally was known

as The Snare and Triest Company, but on August 11, 1921, its corporate name was duly changed to the Frederick Snare Corporation. On January 15, 1916, and at all times thereafter, the New York Municipal Railway Corporation was the owner of an elevated railway on Myrtle avenue, boroughs of Brooklyn and Queens, city of New York, and the New York Consolidated Railroad Company was operating trains over said railway as lessee or operator.

On or about January 15, 1916, the New York Municipal Railway Corporation made a contract with Bayly Hipkins for certain work to be done in the widening and reconstructing of the elevated railroad structure in question. Under his contract Hipkins was required to obtain a permit from the New York Consolidated Railroad Company before removing any part of the structure and to be responsible for the support, maintenance, safety and protection of said railroad and of passengers and other persons thereon, and to furnish security therefor; and Hipkins further agreed to protect, indemnify and save harmless the owner, lessee or operator against any liability, or claim of liability, in connection with any injury or damage to a passenger. About January 15, 1916, pursuant to said contract Hipkins as principal and defendant as surety executed and delivered to the New York Consolidated Railroad Company a bond, a copy of which is attached to the complaint. This bond recites that Bayly Hipkins, the contractor, and the Globe Indemnity Company (defendant herein) and the United States Fidelity and Guaranty Company, the sureties, are held and firmly bound unto the New York Consolidated Railroad Company, in the sum of $100,000, the contractor being bound for the full amount and each of the sureties for one-half of the amount. It further recites the making of the contract for the work on the Myrtle avenue structure in question, the requirement of the contract that the contractor before commencing any work must obtain from the company a permit, and that as a condition of obtaining the permit he must give the bond in question, upon the faith of which the permit is about to be issued. The condition of the bond then follows:

" *Now, therefore,* the condition of the foregoing obligation is such that, if the Contractor shall fully perform all the terms, conditions, obligations and indemnities of said contract so far as they relate to the work to be done on or affecting or in connection with said elevated railroad structure and so far as they are intended to protect and indemnify the Company against all loss and expense on account of injury or damage to persons or property and on account of the interruption of train operation growing out of the work done by the Contractor, then this obligation shall be null and void, but else it shall remain in full force and virtue."

Hipkins thereupon entered upon the performance of the contract and about March 27, 1917, with the consent of the New York Municipal Railway Corporation and the New York Consolidated Railroad Company and each of the sureties, he assigned the contract to Bayly Hipkins, Inc., upon an agreement by the sureties that they would still be liable upon said bond for any act or omission of Bayly Hipkins, Inc., in place of Bayly Hipkins. About June 14, 1917, John Howard Melish, a passenger, met with an accident on the stairs of a station of the railway then under construction by Bayly Hipkins, Inc., and sustained injuries for which he recovered judgment against the New York Consolidated Railroad Company on July 16, 1919. About April 30, 1918, Bayly Hipkins, Inc., with the consent of the New York Municipal Railway Corporation, assigned the contract in question to plaintiff. This assignment is not set forth at length in the complaint. Plaintiff accepted said assignment in writing as follows:

"*For Value* received and in consideration of the consent of the New York Municipal Railway Corporation, the undersigned the Snare and Triest Company, hereby accepts the foregoing assignment by Bayly Hipkins, Inc., to it of the contract in said assignment mentioned and described between the New York Municipal Railway Corporation and Bayly Hipkins and of its rights, titles and interests accrued or to accrue in, to and under the said contract, subject, nevertheless, as in the said assignment provided, to all the terms, provisions, and conditions of the said contract and its specifications and to all and singular the rights, titles, interests, claims, counter-claims, demands, set-offs, and defenses, whether heretofore accrued or hereafter to accrue, of New York Municipal Railway Corporation and New York Consolidated Railroad Company, and of any other corporation, person or party, in, to and under the said contract; and the undersigned does hereby unconditionally and irrevocably assume the obligations of the said contract and its specifications and of the bonds furnished by Bayly Hipkins to New York Municipal Railway Corporation and New York Consolidated Railroad Company, respectively, pursuant to the said contract, as well as any and all obligations and liabilities of the said Bayly Hipkins and the said Bayly Hipkins, Inc., and of the undersigned, heretofore accrued and that may hereafter accrue under and in connection with the said contract or the performance or failure of performance thereof, equally and effectually in all respects as if the undersigned had been originally and at all times thereafter the party of the second part to the said contract and the principal to the said bonds in the place and stead of Bayly Hipkins and Bayly Hipkins, Inc., and as if any and all acts, omissions or defaults of the said Bayly Hipkins

and the said Bayly Hipkins, Inc., to the date hereof, had been the acts, omissions or defaults of the undersigned."

The complaint then contains the following averments:

"*Ninth.* That said assignment from Bayly Hipkins, Inc., to the plaintiff was made upon the agreement that all sums paid by the plaintiff for outstanding obligations of Bayly Hipkins, Inc., should be advanced for the account of Bayly Hipkins, Inc., and should be repaid to the plaintiff by Bayly Hipkins, Inc.

"*Tenth.* That in accordance with the terms of said acceptance the plaintiff became liable as surety for Bayly Hipkins, Inc., to the New York Consolidated Railroad Company for any liability that had accrued against the New York Consolidated Railroad Company in favor of the said John Howard Melish for the acts or omissions of Bayly Hipkins, Inc., and after the recovery of said judgment and on or about the 1st day of April, 1920, it paid to the said John Howard Melish $22,500 in settlement of said judgment and paid to the New York Consolidated Railroad Company $1,130.90 for its expense in defending the action brought by the said John Howard Melish in which the said judgment was recovered.

"*Eleventh.* That in accordance with the terms of said bond marked Schedule A and the agreement referred to in the Sixth paragraph of this complaint, the defendant became liable as a surety for Bayly Hipkins, Inc., to the New York Consolidated Railroad Company for the liability that had accrued against the New York Consolidated Railroad Company in favor of the said John Howard Melish for the acts or omissions of Bayly Hipkins, Inc.

"*Twelfth.* That the parties to this action and the United States Fidelity & Guaranty Company were jointly liable to the New York Consolidated Railroad Company as co-sureties for Bayly Hipkins, Inc., to indemnify it against the said claim of John Howard Melish.

"*Thirteenth.* That the defendant knew of the payment and satisfaction of the whole claim of the New York Consolidated Railroad Company by the plaintiff and has refused upon demand to repay to the plaintiff any part of the amounts so paid by it."

Judgment is asked against the defendant for one-third of $23,630.90, with interest thereon from April 1, 1920.

It is plaintiff's contention that plaintiff was a surety to the New York Consolidated Railroad Company for the obligation of Bayly Hipkins, Inc.; that it assumed the obligation of Hipkins, Inc., to the company, not as a principal to be ultimately liable therefor, but as a surety, to be repaid by Hipkins, Inc., for any moneys that plaintiff advanced to pay the obligation of the latter. It also contends that both plaintiff and defendant were sureties to the

railroad company for the same obligation of Hipkins, Inc., and that, therefore, contribution was enforcible between them even though defendant never knew that plaintiff was such a surety and never consented thereto.

I am of the opinion that this position is untenable, nor can it be supported either on the facts as alleged, or the conclusions of law pleaded in the complaint in paragraphs 9, 10, 11 and 12 thereof.

This was not a case where a surety had become bound simply for the accommodation of his principal and received no consideration for the favor he extended.   Plaintiff did not assume the obligations of Hipkins, Inc., under the contract in question solely as an act of accommodation and without itself having any interest in the transaction.   It accepted an assignment from Hipkins, Inc., of the latter's contract with the railway corporation with all the right, title and interest of Hipkins, Inc., accrued or to accrue in, to and under the contract.   Such assignment was subject to all the provisions of the contract and its specifications, and to all the rights, claims, set-offs and defenses which either of the railroad corporations, or any other party, might have under the contract. Furthermore, plaintiff unconditionally and irrevocably assumed all the obligations of the contract and its specifications and of the bonds theretofore furnished, and of all liabilities theretofore accrued, or that might thereafter accrue, as fully as if it had been at all times a party to the contract.   What plaintiff did was not to become a surety for Hipkins, but to become a principal.   For all purposes it assumed the obligations of the contract, it undertook to carry it out, and it was to benefit by its completion.   Hipkins and Hipkins, Inc., disappeared as actual participants in the contract, and plaintiff took their place.   Plaintiff being the principal thereafter and having assumed as its own the debts and obligations of Hipkins, Inc., past and future, upon this work, when it made the payment of the Melish judgment it did so in discharge of its own direct liability, incurred by virtue of the terms of the acceptance of the assignment and not as a surety for Hipkins, Inc., or on the latter's account. It, therefore, has no right to contribution from defendant.

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., SMITH, PAGE and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.